7716

### CHAPMAN v. AMERICAN CIGAR CO.

CONTRIBUTORY NEGLIGENCE.—There being evidence from which the infer-
ence may have been drawn that the plaintiff and not the sawyer
fastened the hooks into the log, the slipping of which caused the log
to fall on plaintiff's foot, it was error for the Court to withdraw the
issue of contributory negligence from the jury.

Before DANTZLER, J., Charleston, October Term, 1909.
Reversed.

Action by Warren Chapman against American Cigar
Co. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for
appellant, cite: *It was error to withdraw issue of contribu-
tory negligence from jury:* 9 S. C. 154; 46 S. C. 43.

*Messrs. Logan & Grace,* contra.

November 14, 1910. The opinion of the Court was
delivered by

MR. CHIEF JUSTICE JONES. The plaintiff recovered
judgment against defendant for $500 for personal injury
upon a complaint alleging that on March 10, 1908, while
employed as a laborer in defendant's saw mill, at Charles-
ton, S. C., he was ordered by the sawyer to balance a heavy
log in position which had been raised by means of clamping
iron hooks, and while so doing the hooks suddenly slipped
and the log fell upon his foot and injured it. The negli-
gence alleged was in furnishing iron hooks so worn as to be
defective and liable to slip. The answer, among other
matters, alleged contributory negligence of plaintiff in that
he negligently fastened the iron hooks in the log.

The Court withdrew the question of contributory negli-
gence from the jury, assigning as a reason that no one

testified that plaintiff had fastened the hooks in the log. This ruling is the one point for consideration.

If there was any material testimony whatever tending to show contributory negligence it was error not to submit that issue to the jury.

The plaintiff and his witness, Johnson, testified that the sawyer placed the hooks, but the defendant's witnesses testified that the sawyer did not attach the hooks, but that four negro men, including plaintiff and Johnson, were engaged in the duty of arranging the log upon the carriage and that one of them placed the hooks. Johnson testified that the sawyer after putting the hooks in the log called to plaintiff to steady one end while he pulled it up, that plaintiff said to the sawyer: "These logs are going to slip," and the sawyer said: "You do as I say, you steady one end of the log," and that after the log was lifted by the machinery about two feet from the floor the hooks slipped.

The defendant also offered testimony that Johnson had voluntarily made a statement in writing previous to the trial in these words:

"Chapman and myself were at work in the veneer department and on the afternoon of the injury were bringing in logs on the overhead trolley. To remove the logs he had to drive the hooks or 'dogs' into the logs and Chapman had been told by himself and Mr. Miller to drive these in firmly. He failed to do so and the log slipped out of the hooks, falling on his foot. The hooks were practically new, were in no way worn, have never been fixed and we are still using them. Had Chapman followed instructions in driving the hooks in he would never have been hurt.

"JOHN JOHNSON.

"Witness:
   "ASHLEY C. TOBIAS, JR.
   "D. C. GILLETT.
"July 15, 1908."

Johnson testified that he made the above statement to save his position in the mill.

It cannot be said that there was no evidence whatever tending to show that plaintiff adjusted the hooks. The testimony for defendant tended to show it possible that plaintiff did so, as one of four standing near having such duty to perform, and the testimony of plaintiff tended to exclude the other three employees, as he testified that the sawyer adjusted the hooks. While Johnson on the stand testified that the sawyer was the one who adjusted the hooks, he also testified in effect that the plaintiff was aware that the hooks would likely slip, and his statement before the trial was that plaintiff adjusted the hooks, but failed to drive them in as he was directed to do. So that the practical issue made was whether the hooks were adjusted by the sawyer or by plaintiff.

The judgment of the Circuit Court is reversed.